IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRIME and JUNE GRIME,<br><br>    Plaintiffs,<br><br>  v.<br><br>SHERIFF ROBERT T. DOYLE et al.,<br><br>    Defendants.<br>_____/ | No. C-05-0137 MMC<br><br>**ORDER GRANTING IN PART AND DENIED IN PART DEFENDANTS' MOTION TO DISMISS; VACATING HEARING**<br><br>(Docket No. 20) |

    Before the Court is defendants' motion to dismiss, filed April 4, 2005, and noticed for hearing May 13, 2005. Plaintiffs have opposed the motion in part; defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without a hearing, see Civil L.R. 7-1(b), and hereby VACATES the May 13, 2005 hearing on the matter. For the reasons set forth below, defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

    Plaintiffs Robert Grime and June Grime are the parents of Cary Grime ("decedent"), who was killed as a result of an encounter on August 17, 2003 with police officers employed by the County of Marin ("County"). (See Second Amended Complaint ("SAC") ¶¶ 1-3, 12-17.) Plaintiffs allege that defendants subjected decedent to excessive force that was a substantial factor in causing his death. (See SAC ¶ 18.) Plaintiffs further allege that

defendants acted with deliberate indifference and/or reckless disregard towards plaintiffs' constitutional right not to be deprived of their familial relations with the decedent.  (See id.)

Plaintiffs assert two causes of action.  The first cause of action, asserted against Sergeant Jeff Taylor, Deputy Jonathan Harrison, Deputy Michael Blasi, and Deputy Eric Richardson, is brought pursuant to 42 U.S.C. § 1983, and is based on allegations of deprivation of life without due process, and violation of the right to be free from use of excessive force, both of which are alleged to be violations of the Fourth Amendment to the United States Constitution, as well as deprivation of plaintiffs' right not to be deprived of familial relations in violation of the Fourteenth Amendment.  (See id. ¶¶ 23-25.)  The second cause of action, also brought pursuant to § 1983, is asserted against County Sheriff Robert T. Doyle and the County, and alleges failure to provide adequate training in arrest procedures, and failure to adequately discipline officers for violations of departmental policies or for violations of state and federal laws.  (See id. ¶¶ 26-31.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings.  See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Material that is properly submitted as part of the complaint, however, may be considered.  See id.  Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily

2

relies," regardless of whether the document is referred to in the complaint.  See <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir. 1998).  Finally, the Court may consider matters that are subject to judicial notice.  See <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party.  See <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).  The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint.  See <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  Conclusory allegations, unsupported by the facts alleged, need not be accepted as true.  See <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992).

## DISCUSSION

### A.  First Cause of Action

Defendants move to dismiss the first cause of action to the extent plaintiffs seek damages for an alleged violation of the decedent's Fourth Amendment rights, on the ground that plaintiffs lack standing to assert the decedent's Fourth Amendment rights.

Plaintiffs concede, in their opposition, that they lack standing to assert claims on behalf of the decedent.  (See Opp. at 2.)  Plaintiffs state, however, that the first cause of action is not intended to seek damages for any violation of decedent's rights.  (See <u>id</u>.)  Rather, plaintiffs state they seek damages in the first cause of action only for injuries to their own constitutional rights, specifically, their right not to be deprived of familial relations with the decedent.  (See <u>id</u>.)  Plaintiffs suggest that the Court issue an order dismissing the first cause of action only to the extent they seek damages for injuries suffered by decedent.

In reply, defendants argue that the first cause of action remains improperly pleaded because plaintiffs fail to allege the constitutional basis of their claim for deprivation of familial relations.  Although plaintiffs do not reference a specific constitutional provision in their first claim for relief as the basis for their familial relations claim, plaintiffs expressly

3

allege, two paragraphs earlier in the complaint, that they "were deprived of their fundamental right to associate and have familial relations with their son, the Decedent, as guaranteed by the First, Ninth, and/or Fourteenth Amendments." (See SAC ¶ 21.) The Court construes such allegation as providing the basis for the First Cause of Action, and will not require plaintiffs to amend to specifically so state.

Accordingly, defendants' motion to dismiss the first cause of action will be GRANTED to the extent plaintiffs seek damages for injuries to decedent, and DENIED to the extent plaintiffs seek damages for their own injuries.

### B. Prayer for Equitable Relief

Defendants move to dismiss, for lack of standing, plaintiffs' prayer for equitable relief in the form of an order "requiring defendants . . . to adopt a program of compliance with the provisions of the Federal Civil Rights Act in order to assure that all police officers for the County utilize that degree of force that is not violative of the United States Constitution." (See SAC, Prayer For Relief ¶ A.) In response, plaintiffs state they are withdrawing their prayer for equitable relief. (See Opp. at 3.)

Accordingly, defendants' motion to dismiss plaintiffs' prayer for equitable relief will be GRANTED.

### C. Prayer For Funeral and Burial Expenses

In their prayer for relief, plaintiffs seek an award of "funeral and burial expenses according to proof." (See SAC, Prayer For Relief, ¶ B.4.) Defendants move to dismiss plaintiffs' prayer for funeral and burial expenses on the ground that such expenses are also being claimed by decedent's spouse and personal representative of his estate in the related action,[1] and that plaintiffs cannot pursue a duplicate claim for the same expenses in the instant case.

In response, plaintiffs state they are seeking only to recover the portion of

---

[1] A separate lawsuit was filed in this district on June 23, 2004 by decedent's widow, both on her own behalf and as administrator of his estate, and by his three minor children. See Grime v. County of Marin, C-04-2507 MMC. In an order filed January 20, 2005, the Court found the two cases to be related.

4

1 decedent's funeral expenses they actually paid.  Defendants do not address the issue in
2 their reply.  Accordingly, the Court finds plaintiffs' prayer for funeral and burial expenses is
3 not duplicative of that asserted in the related action.
4      Accordingly, defendants' motion to dismiss plaintiffs' prayer for funeral and burial
5 expenses will be DENIED.

## CONCLUSION

     For the reasons set forth above, defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

     1. Defendants' motion to dismiss the first cause of action is GRANTED to the extent plaintiffs seek damages for injuries to decedent, and DENIED to the extent plaintiffs seek damages for their own injuries.

     2. Defendants' motion to dismiss plaintiffs' prayer for equitable relief is GRANTED.

     3. Defendants' motion to dismiss plaintiffs' prayer for funeral and burial expenses is DENIED.

     4. Defendants shall file an answer to the complaint within 20 days of the date of this order.

     This order terminates Docket No. 20.

**IT IS SO ORDERED.**

Dated: May 2, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge